**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EARNEST JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1065-BAJ-RLB** |
| **CITY OF BATON ROUGE / PARISH OF EAST BATON ROUGE, ET AL.** | |

# ORDER

Before the Court is Plaintiff's Motion for Leave to File First Amended and Supplemental Complaint ("Motion to Amend") (R. Doc. 36). The motion is opposed. (R. Doc. 37).

## I. Background

On November 26, 2025, Officer Earnest Jones ("Plaintiff"), a corporal with the Baton Rouge Police Department ("BRPD"), commenced this employment discrimination action. (R. Doc. 1). Plaintiff named as defendants the City of Baton Rouge and Parish of East Baton Rouge ("City/Parish"), the BRPD, Sergeant Romey Smith, Lieutenant Lonny Miller, Chief Thomas S. Morse, Jr., Deputy Chief William Clarida, "Captain Mayo," and various John Doe defendants.

On April 7, 2026, the City/Parish, Thomas S. Morse, Jr., Romey Smith, Lonny Miller, William Clarida, and "Captain Mayo" (collectively, "Defendants") filed a Motion to Dismiss seeking dismissal of Plaintiff's claims against them pursuant to Rule 12(b)(5) for insufficient service of process, for all claims alleged prior to November 26, 2024 as prescribed, for failure to state a claim under Title VII or 42 U.S.C. §1983, failure to state individual claims, and failure to state a claim against the BRPD because it is not a juridical entity capable of being sued. (R. Doc. 26). Plaintiff opposed this motion. (R. Doc. 29). The motion remains pending with the district judge.

On July 21, 2026, the Court issued a Scheduling Order setting, among other things, the deadline to amend the pleadings on September 18, 2026. (R. Doc. 35).

On September 18, 2026, Plaintiff filed the instant Motion to Amend. (R. Doc. 36). Plaintiff represents that the amendments and supplemental allegations are intended to clarify the Complaint as follows:

> The proposed pleading fully restates Plaintiff's allegations, as required for an amended complaint, while correcting factual and party-designation issues in the original pleading. Among other corrections, it withdraws the erroneous reference to a fried-chicken image; removes the Baton Rouge Police Department as a separate defendant; removes unsupported individual and Doe defendants;[1] and corrects the spelling of Cpl. Charles Cambre's name.
>
> The proposed pleading also clarifies disability-related allegations and claims under the Americans with Disabilities Act and Louisiana law. Those allegations arise from facts already reflected in the administrative and Internal Affairs comments concerning mental illness and medication and the short-bus image described in Plaintiff's April 21, 2025 EEOC submission.
>
> Events material to Plaintiff's claims occurred after this action commenced. Plaintiff therefore seeks supplemental pleading relief under Rule 15(d). The proposed pleading adds allegations concerning the May 2026 disclosure of Plaintiff's home address and family contact information during roll call; Plaintiff's May 7 and May 19, 2026 written complaints; IA File No. 029-26, which investigated both Plaintiff and Cpl. Ory Holmes; Plaintiff's June 24, 2026 placement on restrictive paid administrative leave; and the subsequent pre-disciplinary process.
>
> The proposed pleading adds Sgt. Terrell Averett, who was identified in the original pleading but omitted from its caption, and Cpl. Ory Holmes, whose relevant conduct occurred after the original complaint was filed. Rule 21 is invoked to the extent necessary to add or align the parties with the claims pleaded.

(R. Doc. 36 at 1-2).

In opposing amendment, the Defendants argue that allowing amendment now would result in undue prejudice and undue delay given that amendment will interfere with the conclusion of discovery and require the filing of a renewed dispositive motion. (R. Doc. 27). The

---

[1] The First Amended and Supplemental Complaint removed "Captain Mayo" as a defendant.

Defendants further represent that Plaintiff's counsel did not, in fact, seek to obtain consent as required by Local Rule 7(e).

## II. Law and Analysis

### A. Legal Standards

After the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quotations and citation omitted). While leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations and citation omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quotations and citation omitted).

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

### B. Analysis

The Court finds no substantial reason to deny Plaintiff leave to file the First Amended and Supplemental Complaint into the record. Foremost, Plaintiff filed the instant Motion to

Amend on the deadline set by the Court to seek amendment. Accordingly, the Motion was timely filed. The Court does not find undue delay in the filing of the instant motion.

The Defendants also assert that they will be unduly prejudiced by the filing of the amended complaint given that discovery is set to close in a couple of months. This argument lacks merit. The Defendants may seek relief by filing an appropriate motion to the extent Plaintiff has failed to respond to discovery in a timely manner. Furthermore, to the extent merited, the Defendants may seek amendment of the deadlines if discovery cannot be completed by the deadlines set by the Court. *See* Fed. R. Civ. P. 16(b)(4).

Defendants also argue that Plaintiff's counsel failed to comply with Local Rule 7(e). In support of the motion, Plaintiff represents that his counsel "requested Defendants' position by email on September 18, 2026 before filing this motion" but did not receive a response by the deadline to file the motion. (R. Doc. 36 at 2). Seeking a parties' position on the same date the filing is due can hardly be considered a good faith attempt.

More problematic is that Defendants assert that the request was actually sent after the motion was filed. (R. Doc. 37 at 3). The Court finds this representation especially concerning. That said, for the purposes of ruling on the instant motion, Defendants have not been unduly prejudiced even if Plaintiff failed to seek Defendants' position prior to the filing of the motion. The Court provided Defendants with the opportunity to file a written opposition by the deadline set by Local Rule 7(f). The Court has considered Defendants' arguments in granting the instant Motion.

Finally, Defendants do not argue that the amendments and supplemental allegations are futile or do not correct certain deficiencies raised in the Motion to Dismiss. Under these circumstances, the Court finds it appropriate to allow amendment and supplementation, and to

direct the Clerk's Office to terminate Defendants' Motion to Dismiss without prejudice to refile to address the allegations in the First Amended and Supplemental Complaint. *See* LR 12. The First Amended and Supplemental Complaint will serve as the operative pleading and "will supersede" all allegations filed in the original Complaint. *See* LR 10(a)(5).

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File First Amended and Supplemental Complaint (R. Doc. 36) is **GRANTED**, and Clerk's Office shall file the First Amended and Supplemental Complaint (R. Doc. 36-1) and its attached Exhibits A-D into the record.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 12, the Clerk's Office shall terminate the pending Motion to Dismiss (R. Doc. 26) without prejudice to refile if grounds exist therefor based upon the allegations contained in the First Amended and Supplemental Complaint.

Signed in Baton Rouge, Louisiana, on October 20, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**